**IT IS ORDERED as set forth below:**



**Date: March 27, 2018**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-66677-WLH |
| YOLANDA SANDERS SIMMONS, | CHAPTER 7 |
| Debtor. | |
| DANIEL M. MCDERMOTT, UNITED STATES TRUSTEE FOR REGION 21, | ADVERSARY PROCEEDING NO. 18-5012 |
| Plaintiff, | |
| v. | |
| YOLANDA SANDERS SIMMONS, | |
| Defendant. | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Defendant filed a Chapter 7 bankruptcy petition on September 21, 2016. She received a Chapter 7 discharge on January 17, 2017, and her bankruptcy case was closed. Plaintiff filed a motion to reopen the Chapter 7 case to file a complaint to revoke Defendant's discharge. The Court granted the motion to reopen, and Plaintiff filed a Complaint seeking to revoke Defendant's discharge pursuant to section 727(d)(1) of the Bankruptcy Code on January 22, 2018. A summons was issued, and Plaintiff certified a copy of the Complaint and a summons were sent by United States first class mail to Defendant on January 16, 2018.

Plaintiff requested entry of default for Defendant's failure to file an answer or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012. On February 23, 2018, the Clerk entered default against Defendant pursuant to Bankruptcy Rule 7055. Plaintiff filed the Motion on February 26, 2018. Defendant had until March 12, 2018 to respond. She failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).

### I. Default Judgment Standard

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id. Only facts established by the pleadings can support a default judgment.

2

Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

In determining whether the allegations in a complaint are sufficient, the Supreme Court has provided guidance in both Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In these cases, the Supreme Court explained, while "detailed factual allegations" are not required, the pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Court has reviewed the Complaint and the Motion to determine if the matters admitted by virtue of the default justify the relief requested.

## II.     Revocation of Discharge under Section 727(d)(1)

Under 11 U.S.C. § 727(e), the U.S. Trustee is permitted to seek the revocation of a debtor's discharge. 11 U.S.C. § 727(e); Guy Gebhardt v. Perry (In re Perry), Case No. 13-12692-WHD, AP No. 16-1005, 2016 WL 4167206, *2 (Bankr. N.D. Ga. July 6, 2016). An adversary proceeding seeking to revoke a discharge pursuant to section 727(d)(1) must be initiated within one year after the discharge is granted. 11 U.S.C. § 727(e)(1). Defendant received a Chapter 7 discharge on January 17, 2017, and Plaintiff filed the Complaint on January 12, 2018. The complaint is timely.

Pursuant to section 727(d)(1), a court may revoke a discharge if the "discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge[.]" 11 U.S.C. § 727(d)(1). To prevail on his 727(d)(1) claim, Plaintiff must show 1) the Defendant obtained a discharge through fraud and 2) Plaintiff was not aware of the alleged fraud prior to discharge. Id. The fraud required to be shown is fraud in fact, such as the intentional omission of assets from the debtor's schedules or the knowing and

3

fraudulent false oath made in or in connection with the bankruptcy action.

Plaintiff alleges, and Defendant does not dispute, Defendant settled a worker's compensation claim and received net settlement proceeds totaling approximately $43,000 in July 2016. Defendant then deposited $43,787 into a savings account and subsequently withdrew money from the bank account; she gave $5,000 to her mother and $2,000 to her cousin and used the funds to make several purchases including electronics. On September 20, 2016, Defendant withdrew $700 from the bank. On September 21, 2016, she withdrew another $21,365, leaving a balance of just $200. She filed her Chapter 7 bankruptcy petition the same day. Defendant declared on her bankruptcy schedules she received only $3,979 from a lawsuit when in fact she received over $40,000 in net settlement proceeds. Defendant also stated she did not make any payments to insiders, did not own any electronics, and only had $8 of cash on hand. Plaintiff contends he only learned of Defendant's omissions on July 31, 2017, more than six months after Defendant received her Chapter 7 discharge, and Defendant's conduct warrants denial of discharge pursuant to sections 727(a)(2)(A), (a)(2)(B), (a)(4), and (a)(5) of the Bankruptcy Code.

### a. Section 727(a)(2)(A)

Section 727(a)(2)(A) provides the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

To deny the debtor a discharge under this section, the plaintiff must allege the defendant acted with actual intent to hinder, defraud or delay. "Constructive fraud is insufficient to support a denial of discharge under this section." *See* Segel v. Letlow (In re Letlow), 385 B.R. 782, 795-

4

6 (Bankr. N.D. Ga. 2007). However, because a debtor will rarely admit he actually intended to defraud a creditor, fraudulent intent may be established by circumstantial evidence or by inferences drawn from a course of conduct. Id.; *see also* In re Freudmann, 495 F.2d 816 (2d Cir.) (per curiam), *cert. denied*, 419 U.S. 841 (1974); Future Time, Inc. v. Yates, 26 B.R. 1006 (M.D. Ga.), *aff'd*, 712 F.2d 1417 (11th Cir. 1983) (mem.). The act must consist of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done. Withdrawals from bank accounts meet the definition of transfer. *See* Bernard v. Sheaffer (In re Bernard), 96 F.3d 1279 (9th Cir. 1996).

Plaintiff has identified a specific act Defendant did within a year of filing that would qualify under this section. Plaintiff alleges Defendant withdrew $700 from her bank accounts two days before filing bankruptcy and withdrew another $21,365 from her bank account the day before she filed her Chapter 7 case. Defendant then provided insufficient information about how the funds were used. Further, Plaintiff alleges Defendant's actions were intentional and designed to shield the funds from inquiries by the Chapter 7 Trustee and Defendant's creditors.

Plaintiff has alleged facts setting forth a basis for denying Defendant's discharge pursuant to section 727(a)(2)(A). Defendant has not controverted these assertions, and Defendant's default constitutes an admission of the complaint's material facts.

    **b. Section 727(a)(2)(B)**

Section 727(a)(2)(A) provides the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B).

5

Plaintiff alleges Defendant concealed her interest in the worker's compensation funds she received and refused to answer and respond to the Chapter 7 Trustee's inquiries about the settlement funds during the pendency of her Chapter 7 case. Further, Plaintiff alleges Defendant's actions were intentional and designed to delay the Chapter 7 Trustee's investigation regarding property of the estate.

Plaintiff has alleged facts setting forth a basis for denying Defendant's discharge pursuant to section 727(a)(2)(B). Defendant has not controverted these assertions, and Defendant's default constitutes an admission of the complaint's material facts.

### c. Section 727(a)(4)

Section 727(a)(4)(A) provides the court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A). Because a debtor signs the petition and schedules under penalty of perjury, a false statement or omission of information from the debtor's petition is a false oath within the meaning of 11 U.S.C. § 727(a)(4)(A). Chalik v. Moorefield (In re Chalik), 748 F.2d 616 (11th Cir. 1984). The Eleventh Circuit has found in order to "justify denial of discharge under section 727(a)(4)(A), the false oath must be fraudulent and material." Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991). The subject matter of a false oath is material and warrants a denial of discharge if it is related to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property.

Plaintiff alleges Defendant stated on her bankruptcy schedules she received worker's compensation income totaling $3,979, when in fact she received net settlement proceeds totaling approximately $43,600 two months before filing Chapter 7 bankruptcy. Defendant's statement was therefore fraudulent. It was also material because it concerns the discovery of assets and the

6

existence and disposition of Defendant's property.

The Court finds Plaintiff has alleged facts to support denying Defendant's discharge pursuant to section 727(a)(4). Defendant has not controverted these assertions, and Defendant's default constitutes an admission of the complaint's material facts.

### d. Section 727(a)(5)

Section 727(a)(5) provides the court shall grant the debtor a discharge unless the debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. § 727(a)(5). The plaintiff bears the initial burden of establishing the debtor owned substantial identifiable assets at a time a time not too remote in time and, on the filing date, the debtor no longer had the particular asset. Chalik, 748 F.2d at 619. Once the plaintiff meets the initial burden, the burden shifts to the debtor to "satisfactorily" explain the loss of assets. *See* Hawley v. Cement Indus., Inc. (In re Hawley), 51 F.3d 246 (11th Cir. 1995) (citing Chalik, 748 F.2d at 619).

Plaintiff alleges Defendant deposited $43,787 into her bank account on August 10, 2016 and, within the month before she filed her Chapter 7 bankruptcy petition, Defendant had substantial funds in her bank accounts. When she filed bankruptcy, the balance in her bank account was just $200. Defendant has failed to explain satisfactorily how she spent the funds and why she was unable to meet her liabilities.

The Court finds Plaintiff has alleged facts that set forth a basis for denying Defendant's discharge pursuant to section 727(a)(5). The Debtor has not controverted these assertions and Defendant's default constitutes admission of the complaint's material facts.

### III. Conclusion

The Complaint pleads sufficient facts to support a claim for revocation of Defendant's

discharge. By failing to answer, the Defendant has not disputed any of these facts. Defendant has also failed to establish any statutory defenses. The Plaintiff has met its burden, therefore Defendant's discharge received in case number 16-66677-WLH is revoked pursuant to 11 U.S.C. § 727(d)(1). Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED**. Defendant's Chapter 7 discharge received in case number 16-66677-WLH is revoked.

Judgment in favor of Plaintiff will be entered by separate order.

The Clerk's Office is directed to serve a copy of this Order upon the Plaintiff, Plaintiff's counsel, and Defendant.

## END OF DOCUMENT